# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Apple iPhone seized from Joshus Baker during his arrest on May 15, 2024 | ) ) ) ) ) ) ) Case No. 3:24-MJ- 487 (TOF) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2, attached hereto and incorporated by reference.

located in the _____ District of Connecticut , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371, 1952, 1956 (h), 1957, 1343, 2; 8 U.S.C. § 1324a; 26 U.S.C. §§ 7203, 7206(2). | Conspiracy to Use Interstate Commerce to Promote Prostitution, Conspiracy to Defraud the United States; Travel Act Violation; Money Laundering Conspiracy; Monetary Transaction in Property Derived from Unlawful Activity; Wire Fraud; Aiding and Abetting; Illegal Hiring of Aliens; Failure to File Tax Return; Filing a False Tax Return |

The application is based on these facts:

See attached affidavit of IRS SA Greg Howe, incorporated by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Gregory E. Howe*  Digitally signed by Gregory E. Howe
Date: 2024.05.28 16:01:58 -04'00'

Applicant's signature

IRS SA Greg Howe

Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 05/28/2024     *Thos. O. Farrish*  Date: 2024.05.28 18:07:42 -04'00'

Judge's signature

City and state: Hartford, Connecticut     Hon. Thomas O. Farrish, USMJ

Printed name and title

## ATTACHMENT A-2

## BAKER PHONE

The search warrant is for an iPhone with three camera lenses on the back side. The device is in a clear case with black edges and cracks in the back. The device was seized from Joshua Baker when he was arrested on May 15, 2024.

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED

All materials, records, in whatever form, and tangible objects that constitute evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 371 (Conspiracy to Use Interstate Commerce to Promote Prostitution, Conspiracy to Defraud the United States); 18 U.S.C. § 1952 (Travel Act Violation); 8 U.S.C. § 1324a (Illegal Hiring of Aliens); 26 U.S.C. § 7203 (Failure to File Tax Return); 26 U.S.C. § 7206(2) (Filing a False Tax Return); 18 U.S.C. § 1956(h) (Money Laundering Conspiracy) 18 U.S.C. § 1957 (Monetary Transaction in Property Derived from Unlawful Activity); 18 U.S.C. § 1343 (Wire Fraud); and 18 U.S.C. § 2 (Aiding and Abetting). (collectively, the "TARGET OFFENSES") regarding KENNETH DENNING, JOSHUA BAKER, WILLIAM MAYO, DIANA DENNING, DENNING ENTERPRISES, INC, and the ELECTRIC BLUE CAFÉ for the time period from 2020 to the present, including, but not limited to, the following:

1. Any and all communications to include but not limited to SMS/MMS/text messaging, chats, application/social media application messages/videos/images that identifies known and not yet known associates, victims, witnesses, co-conspirators, and/or communications pertaining to the TARGET OFFENSES.

2. Any and all messages/videos/images/call logs/data for applications (Apps), social media information to include but not limited to Facebook, Instagram, Snapchat, WhatsApp and other platforms pertaining to the TARGET OFFENSES.

3. Any and all internet browsing history, search queries, website information contained on the TARGET DEVICE pertaining to the TARGET OFFENSES.

4. Any and all GPS/location/map searches, coordinates, information, records, data that may identify known and unknown victims, locations, co-conspirators and information/evidence pertaining to the TARGET OFFENSES.

5. Any and all video surveillance applications, videos, screenshots, images, including any and all recordings that would have recorded evidence of the TARGET OFFENSES.

6. Any and all emails and email communications pertaining to the TARGET OFFENSES

7. Any and all email correspondences pertaining to the businesses of Denning Enterprises/Electric Blue Café, SBA loan applications, banking information, tax information.

8. All communications, calendar appointments, correspondence, books, ledgers, notes, and other papers, in any form, pertaining to the TARGET OFFENSES or the smuggling, transportation, harboring, or trafficking of aliens in the United States.

9. Any and all files/records/data and information relating to business, financial and accounting activities, including but not limited to: state and federal tax information, filings and returns; general journals; subsidiary ledgers; receipt journals; disbursement journals and sales journals; accounts receivable; accounts payable; notes payable and closing ledgers; records of income and expenses; financial statements; balance sheets and income and expense journals; receipts and invoices for expenditures; loan records; bank and other financial institution account statements and records of bank and other financial institution transactions; records of wire transfers and/or transfer of money; records of safe deposit boxes; contracts; notes; address books; telephone records; and computerized bookkeeping software and files.

10. Any and all files/data/records that are for Employee and independent contractors, and records of all dancers who worked at Electric Blue Café, including contact information; work schedules; identification documents; job applications; work authorization verifications; records of wages, salaries and benefits, payments, and payroll records; forms I9, and immigration/alien record information.

11. Contact information, call logs, and information of individuals who may have been communicated with DENNING, BAKER, and MAYO in connection with the TARGET OFFENSES.

12. All records/files/data and information regarding the Small Business Association (SBA) loans/grants applied for and/or received by DENNING ENTERPRISES.

13. All records/files/data relating to casino gambling, including records of gaming activity, amounts won and lost, payments made to casinos, forms W-2G issued by casinos, records of travel to and/or hotel at stays at casinos, members cards, players cards, markers, casino chips, and records of communication to or from casinos.

14. Any records/files/data or information including photographs, images, videos, correspondence, communications, records, documents, electronic mail, electronic messages, chats, chat logs, notes, and other materials, in any format, that constitute contraband, fruits, evidence and instrumentalities of the TARGET OFFENSES

15. For the TARGET DEVICE whose seizure is authorized by this warrant;
    a. Evidence of who used, accessed, owned, or controlled the DEVICE;
    b. Evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence

of the presence or absence of security software designed to detect malicious software;

c. Evidence of the lack of such malicious software;

d. Evidence indicating how and when the DEVICE was accessed or used, and evidence indicating the geographic location of the device when it was accessed or used;

e. Evidence indicating the DEVICE user's knowledge and/or intent as it relates to the TARGET OFFENSES;

f. Evidence of the attachment to the DEVICE of other storage devices or similar containers for electronic evidence;

g. Evidence of programs (and associated data) that are designed to eliminate data from the DEVICE;

h. Passwords, encryption keys, and other access devices that may be necessary to access the DEVICE;

i. Documentation and manuals that may be necessary to access the DEVICE or to conduct a forensic examination of the DEVICE;

j. Contextual information necessary to understand the evidence described in this attachment.

Pursuant to Rule 41(e)(2)(B), it is authorized that electronically stored information may be imaged or copied. With respect to a DEVICE containing electronically stored information, consistent with Rule 41(e)(2)(B), the warrant is deemed executed once the DEVICE has been physically seized or copied on-site, and that review of the contents of the DEVICE is permitted at a later time.